IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02770-BNB

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

TOWN OF WINDSOR,
MAGISTRATE JUDGE MICHAEL MANNING, and
KIMBERLY A. EMIL,

    Defendants.

## ORDER OF DISMISSAL

On October 24, 2011, Plaintiff, Bernard Kenneth Rivers, Jr.-El, a resident of Greeley, Colorado, submitted a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On October 31, 2011, Magistrate Judge Boyd N. Boland directed Mr. Rivers to cure certain deficiencies in this action. Specifically, he directed Mr. Rivers to submit an amended complaint on the proper, Court-approved form.

On November 28, 2011, Mr. Rivers submitted an amended complaint. On December 1, 2011, the Court granted Mr. Rivers leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe liberally the amended complaint because Mr. Rivers is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.  However, the Court should not act as an advocate for **pro se** litigants.  **See id.**

Mr. Rivers asserts claims pursuant to 42 U.S.C. § 1983.  As background for his claims, he alleges that he was ticketed for speeding in Windsor, Colorado, on March 22, 2011.  He alleges that he notified the Defendants that he is a "Sovereign Moor . . . NOT a corporate being dealing in commerce requiring a license of any kind" but that the Defendants "tricked" him into entering an "involuntary plea" of not guilty.  Amended Complaint at 2.  He asserts that Defendants Magistrate Judge Michael Manning and Prosecutor Kimberly A. Emil lacked jurisdiction to prosecute him for speeding.  **Id.** at 2-4.  He also asserts that he was forced to provide a money order to the Town of Windsor under "threats, coercion, and duress."  **Id.** at 4.  Mr. Rivers asserts that his Fifth Amendment right to due process was violated and he also asserts a claim for malicious prosecution.  As relief, he requests that the Court set aside the judgment entered against him in Windsor Municipal Court Case No. 11-0538.  He also seeks damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  **See McAlester v. United Air Lines, Inc.**, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is

within the court's jurisdiction." ***United States v. Bustillos***, 31 F.3d 931, 933 (10th Cir. 1994).  The Court has examined the amended complaint filed in this action, and finds that the Court lacks subject matter jurisdiction.

Mr. Rivers may not challenge his speeding conviction in Windsor Municipal Court in this Court.  This is because the ***Rooker-Feldman*** doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  ***See District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 486 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923).  The ***Rooker-Feldman*** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 284 (2005); ***see also Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  ***See Facio v. Jones***, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment.  ***See Feldman***, 460 U.S. at 482 n.16.  "To determine whether a federal

plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." ***Id***. at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." ***See Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

As noted, it is clear that Mr. Rivers is challenging his conviction for speeding in Windsor Municipal Court Case No. 11-0538. Review of his claims would require the Court to review the state court judgment. Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, Defendant Magistrate Judge Michael Manning is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. ***See Mireles v. Waco***, 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judge's involvement in Mr. Rivers' municipal court proceeding are actions taken in his judicial capacity, and there is no indication that this state court judge was acting in the clear absence of all jurisdiction. Therefore, the

claims Mr. Rivers asserts against Magistrate Judge Manning are also barred by absolute judicial immunity.

Finally, Mr. Rivers' claims against Defendant Prosecutor Kimberly A. Emil are barred by absolute prosecutorial immunity because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." **Buckley v. Fitzsimmons**, 509 U.S. 259, 273 (1993); **Hunt v. Bennett**, 17 F.3d 1263, 1267 (10th Cir. 1994).  Because the alleged actions occurred in the course of her role as a prosecuting attorney, Defendant Emil is entitled to absolute prosecutorial immunity.  Nonetheless, because the Court lacks subject matter jurisdiction in this case, it will be dismissed pursuant to the **Rooker-Feldman** doctrine. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this   8th   day of    December    , 2011.

BY THE COURT:

    s/Lewis T. Babcock  
LEWIS T. BABCOCK  
Senior Judge, United States District Court