IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02770-LTB

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

TOWN OF WINDSOR,
MAGISTRATE JUDGE MICHAEL MANNING, and
KIMBERLY A. EMIL,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Bernard Kenneth Rivers, Jr.-El, filed a **pro se** motion titled "Motion to Vacate Order Pursuant to Rule 60(B)" on December 12, 2011.  The Court must construe the motion liberally because Mr. Rivers is a **pro se** litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  The motion will be construed as a motion to reconsider and will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Rivers filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.  The

Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e).  **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Rivers fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Rivers initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 24, 2011.  He filed an Amended Complaint on November 28, 2011.  He was granted leave to proceed pursuant to 28 U.S.C. § 1915 on December 1, 2011.

In the Amended Complaint, Mr. Rivers alleged that he was ticketed for speeding in Windsor, Colorado, on March 22, 2011.  He alleged that he was a "Sovereign Moor . . . NOT a corporate being dealing in commerce requiring a license of any kind" and that the Defendants "tricked" him into entering an "involuntary plea" of not guilty.  Amended Complaint at 2.  He further asserted that Defendants Magistrate Judge Michael Manning and Prosecutor Kimberly A. Emil lacked jurisdiction to prosecute him for speeding.  *Id.* at 2-4.  As relief, Mr. Rivers requested that the Court set aside the judgment entered against him in Windsor Municipal Court Case No. 11-0538.

The Court dismissed the action by order dated December 8, 2011, finding that Mr. Rivers' claims challenging his state court conviction were barred by the *Rooker-*

*Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The Court explained that the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Finally, the Court informed Mr. Rivers that review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).  Therefore, the action was dismissed for lack of subject matter jurisdiction.  Judgment also entered on December 8, 2011.

In the Motion to Reconsider, Mr. Rivers fails to address the applicability of the *Rooker-Feldman* doctrine.  Instead, he argues that the "Defendant's [sic] committed fraud upon the court and . . . [their] actions were highly outrageous . . . ."  Motion at 1.  In addition, he appears to argue that this Court has subject matter jurisdiction because he asserts claims for constitutional violations pursuant to 42 U.S.C. § 1983.  However,

Mr. Rivers fails to understand that federal district courts simply do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's actions was unconstitutional." ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 486 (1983). This is because a federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. ***See*** 28 U.S.C. § 1257. Therefore, because Mr. Rivers clearly is challenging his conviction for speeding in Windsor Municipal Court Case No. 11-0538 in this action, it is indisputable that the Court lacks jurisdiction to consider his challenge. ***See Feldman***, 460 U.S. at 486.

Mr. Rivers has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. ***See Servants of the Paraclete***, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion to Vacate Order Pursuant to Rule 60(B)," filed on December 12, 2011, is denied.

DATED at Denver, Colorado, this  20th  day of    December   , 2011.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court